**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**SIRROCKO LANDRUM,**<br><br>**Defendant.** | Cr. No. 18-10269-MLW |

## STATUS REPORT

The United States of America submits this status report to assist the court in advance of the defendant's upcoming Rule 11 hearing on October 3, 2019. In short, the government advises the court that the parties expect the defendant to plead guilty at his Rule 11 hearing to a recently-filed Superseding Information. Further, the parties expect the defendant to plead guilty without the benefit of a plea agreement with the government. As additional background and context, the government states as follows:

1. On August 15, 2018, Landrum was indicted in a one-count Indictment, which charged him with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g). (Docket No. 1).

2. On April 18, 2019, Landrum filed a motion for a Rule 11 hearing (Docket No. 20). On May 1, 2019, Landrum filed a motion to continue the Rule 11 hearing (Docket No. 23), which this court granted on May 2, 2019 (Docket No. 24).

3. While the parties were attempting to schedule the defendant's Rule 11 hearing, on June 21, 2019, the Supreme Court of the United States issued an opinion in *Rehaif v. United States*, 139 S. Ct. 2191, ___ U.S. ___ (June 21, 2019), which clarified the requirements for sustaining a conviction for violations of 18 U.S.C. § 922(g). *See id.* at

2200 (holding that in a prosecution under 18 U.S.C. § 922(g), the government must prove that the defendant knew that he belonged to the relevant category of persons barred form possessing a firearm—*e.g.*, knew that he was an alien unlawfully in the United States, knew that he had been convicted of a crime punishable by a term exceeding one year, etc.).

4.   Given the underlying facts of this case, which the government will summarize at the Rule 11 hearing, the Supreme Court's decision in *Rehaif* does not pose problems for this prosecution and the government can meet its burden of proof as to all elements.  Specifically, as to the defendant's knowledge regarding his prohibited status, the government has evidence that Landrum knew that he belonged to a category of persons barred from possessing a firearm—*i.e.*, he knew that he was a felon—because he had two prior felony convictions for which he had *actually served* more than a year in custody.

5.   Notwithstanding the defendant's criminal history and the underlying facts, to minimize any confusion post-*Rehaif*, counsel for the government informed counsel for the defendant that the government was inclined to either seek a Superseding Indictment or file a Superseding Information, either of which would charge a violation of 18 U.S.C. § 922(g) in a manner that is more consistent with the language of *Rehaif* (*i.e.*, by alleging that the defendant possessed a firearm "knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year").

6.   Counsel for Landrum advised the government that Landrum would waive Indictment and plead guilty to a Superseding Information against him.  To that end, on September 30, 2019, the government filed a one-count Superseding Information charging Landrum with violating 18 U.S.C. § 922(g).  *See* Docket No 28.

7.   Counsel for Landrum has advised the government that Landrum intends to plead guilty to the Superseding Information without the benefit of a plea agreement.

8. Accordingly, at the Rule 11 hearing on October 3, 2019, the parties expect both a waiver of indictment and a plea to the Superseding Information (without a plea agreement).

> Respectfully submitted,
>
> ANDREW E. LELLING
> United States Attorney
>
> By: /s/ Kunal Pasricha
> KUNAL PASRICHA
> Assistant United States Attorney
> District of Massachusetts

## **Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

By: /s/ Kunal Pasricha
KUNAL PASRICHA
Assistant United States Attorney
District of Massachusetts
